Opinion issued March 10, 2005











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00158-CV
____________

EDWARD A. AND NORMA KERR, PATTIE ACKERMANN AND LEDA
KROLCZYK, CLIFFORD AHLHORN, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF MARGRETE AHLHORN, THE
ESTATE OF MARGRETE AHLHORN, BRENT WESTON AND KAREN RENEE
MCDOWELL, DAVID T. ADAMS, THOMAS E. ALVAREZ, GARY M. AND
MARY E. ANDREWS, PAUL C. ARDOIN, JR., FRANCES E. AVERETT,
ROBERT H. BAIRD, RONALD L. AND WENDY BARR, DONALD H. AND
CYNTHIA L. BECK, OKIE BECK, DOUGLAS J. AND NANCY K. BLACK,
CAROL ANN BLANTON, LEROY AND MARY BOLLOM, STANLEY AND
CATHY BORDOVSKY, LORI KRAFT BORQUE, KEN AND SUSAN BOWMAN,
WENDELL W. AND LYNN M. BREAZEALE, MICHAEL R. AND DIANA L.
BRINKMEYER, JAMES R. AND PATRICIA BROWN, MARK A. AND LEAH
BRUMLOW, MICHAEL AND CYNTHIA BUCHANAN, JAMES AND TERRI
BUCKLEY, ROMAN F. AND CYNTHIA A. VEST BUJNOCH, DAVID CARNES
AND LINDA RAMSEY, WILLIAM AND SHIRLEY CANNAVINO, RUSSELL D.
AND BONNIE LYNN CARLSON, SAM AND KIM CARLTON, JAMES J. AND
CONNIE J. CASSENS, JAMES J. CHRISTY, CARL W. AND SUSAN CLARK,
MICHAEL AND SUZANNE CLAXTON, MELODIE COOPER, GAIL
CORTELYOU, SUSAN D. COVINGTON, GRADY AND CLOIS CRAWFORD,
ANTONIO AND NILDA CUELLAR, WILLIAM P. AND SUE E. DAY, SUSAN
JANE DEESLIE, MARIA T. DE LA FUENTE AND JUDITH A. WOOD, DUANE
E. DEGNER, JACKIE L. AND LILLIAN L. DILLON, KAREN RENEE DOHMAN,
KEVIN AND ELIZABETH DOMAIN, CYNTHIA J. DRISKILL, MARVIN J. AND
PAMELA A. DRODDY, KEITH AND HOLLY ENGLE, NICKOLAS AND
HUGHLEENE S. ERDELY, ROBERT W. AND LINDA S. ERDMAN, JR., PATSY
A. EUBANKS, JUAN AND MARIA EUFRACIO, MIKE EVANS, FAIRBANKS
ANIMAL CLINIC, INC., RICHARD E. AND KIMBERLY M. FAIRCLOTH,
DOUGLAS L. AND DEBRA G. FARES, DONNA FARRAR, GARY AND KAREN
FLEMING, GERARDO AND CATHY FLORES, BRANDON FOKKEN,
MARLOWE A. AND MARY M. FOKKEN, DAVID M. AND DEBBIE FOYT,
PHYLLIS J. GAMBLE, SHIRLEY GALIK, ARMANDO AND LUCIA GARCIA,
ROBERT D. AND JOVITA GARCIA, STEPHEN B. AND BRENDA GARNEY,
NORMAN K. AND LYNDA GARRISON, PAUL D. AND STEPHANIE K. GERKE,
TIMOTHY K. AND DEBORAH K. GLAVIN, HORACE DEAN AND JANICE M.
GOLDEN, MARK AND JENNIFER GOODRUM, MIKE AND BRENDA GORSKI,
ROGER D. AND DEBORAH GREER, LULENE GREGG, LANCE W.
GREMILLION, SHARON GREMILLION, JOE E. GUZMAN, JAMES L. HALL,
JR., LYNN HANSON, JAMES B. AND LAURIE HANEY, JR., MICHAEL D. AND
KIMBERLY Y. HANEY, TERRY D. HARGRAVE, LONNIE AND JO A.
HARRISON, JANICE L. HAYS, RICHARD A. AND BETTY J. HEATHCOTT,
ALICE K. HEDSTROM, STEVEN J. AND MARIE A. HENRY, STEVE AND
DARLA HENRY, CAROL HILMERS, CAROL HOHLE AS ADMINISTRATOR
OF THE ESTATE OF HERMINE LUECKE, THE ESTATE OF HERMINE
LUECKE, LONNIE E. AND CHERYL A. HOOD, DANIEL AND ALISON
HORSTMAN, ROBERT M. HUBBARD, GEORGE E. AND CATHERINE L.
JOHNSON, DANIEL AND PAMELLA JONES, PAUL AND DEBORAH JUREN,
STEVE N. AND CHRISTY KALOGERAS, GLENDA KEACH, MICKEY W. AND
VIRGINIA KEELING, EVA KELLEY, TITUS L. AND DONNA HOFFMAN
KELLEY, CHARLOTTE SUSAN KERR, RON AND SUSAN KING, DAVID B.
AND DENISE M. KIRBY, RAMANATH AND JAYANTHI KONGOVI, CORINE
L. KONVICKA, LILLIAN M. KROLCZYK, PAUL AND JANIS KUBESZKA,
LARRY AND TERRI KUTA, BERTHOLD G. AND MICHELE LAKADOSCH,
LILLIAN M. AND GEORGE W. LANG II, WALTER D. LATHAM
INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LINDA D.
LATHAM, JOHN S. AND NANCY L. LEATHERMAN, RONALD P. AND LISA A.
LEWANDOWSKI, JOE AND MARJORIE LEWIS, BARTLEY A. AND KARLA
K. LEWIS, PATRICIA PERKINS LIPINSKY, NORMAN J. AND MARTHA A.
LOCASCIO, LOWELL R. AND JUDITH A. LOCKE, WAYNE D. AND ALLYSON
LYNN, GARY AND JUDITH LYON, DENNIS AND DEBORAH MABE,
ELIZABETH MALEK, DON P. MANIHA, FRANK J. AND MADYLENE
MARINO, BARBARA J. MATTHEWS, JOE G. MCCOURT, THOMAS F. AND
DENISE C. MCNEILLY, ANTONIO AND GUADALUPE MEDRANO, JOE AND
GLORIA MEJIA, DANIEL AND DORRAINE MEICHER, MADELINE
MERRIMAN, J.T. MILLS, PHILLIP AND CAROL MIRELES, ADOLPH AND
THERESA MOCK, DAMASO C. AND EDITH MOJICA, DAVID A. AND
SHIRLEY MONTGOMERY, FERMIN AND MARIA MONTOYA, DAVID N.
MOORE, BOBBY B. AND VIVIAN MORRIS, AGNES A. MURPHREE, THO
AND LOAN TI NGUYEN, LOI VAN AND NHAN K. NGUYEN, BRAD P. NIXON,
DAVID J. AND DONNIE B. NOLL, DAVID A. AND JENNIFER NOWAK,
KENNETH E. AND CECILIA O’BANNION, FRED A. AND CAROLYN M.
GARTMAN O’BANNION, MICHAEL W. AND DIANE O’CONNOR, JANICE
O’KEEFFE, MICHAEL L. AND GAIL L. OAKLEY, SR., LOUIS AND JOANNA
ORLANDO, RANDALL J. PARKER, RICHARD AND PATRICIA PARKS,
PETER B. AND PATRICIA PEDERSEN, RALPH D. AND PATRICIA A. PEREZ,
KATHERINE F. PICCOLO, GERARD PICCOLO, MARSHALL J. AND MARY L.
PIENTKA, MICHAEL AND VIRGINIA PLOCH, JANET L. STOREY FOR THE
ESTATE OF BARBARA J. PRINES, PAUL S. QUIN, MILAGROS RAMIREZ,
BARBARA J. READY, WELDON AND NORMA REED, MARC S. AND CAROL
RENDALL, JAMES LOUIS RIGGINS, BOBBY AND LISA RIGGS, JOHN L. AND
GLORIA A. RILEY, LARRY AND JANIE ROCKETT, JOE E. AND JULIET
RODRIGUEZ, MARIO A. AND CONSUELO RODRIGUEZ, RICHARD ROHM,
STEVE AND IRENE JONES RUIZ, STEPHANIE RUSH, GLENDA SANCHEZ,
JORGE SANCHEZ, RANDY AND CINDY M. SARTAIN, RALPH J. SCHAD,
CHRIS SCHILLING, VALERIE SCHMITT, PAUL SCHWARSCH, JAMES L.
AND VICTORIA R. SHERWIN, GEORGE D. AND CATHERINE A. SHUTTS,
ERNEST L. AND MAY L. SIMPSON, REGINALD A. AND DEBRA SMITH,
SHARYN M. SMITH, SHELLY D. SMITH, TROY AND CHERYL SMITH,
DOUGLAS AND LYNN SNIDER, DANNY J. AND CHARLOTTE J. SRALLA,
DANA G. AND MARGARET A. STREBECK, KENNETH H. AND DEBORAH K.
TATE, WANDA LENA’ TEMPLE, JANET THECK, KATHLEEN THERIAULT,
DAVID M. THOMPSON, DAVID AND MARCIA TIJERINA, ZACHARY W.
TOLSON, SANDRA L. TURNER, BOBBY L. AND JANET UNDERWOOD,
PAMELA ANN VAN OSTER, GALIA VARGAS, BETTY VARNER, CHARLES L.
AND JANET C. VAVRICKA, VICKI VIDES, ORLANDO VIDES, DAVID AND
GWYN VON HEEDER, LYDIA A. WALDEN, BARI L. WARNAAR, JERRY AND
SUE WALTON, LARRY J. AND NORMA M. WASHINGTON, RALPH WELLER,
NED B. AND CONNIE WHITTON, GERI LAINE TICE WILLIAMS, BRIAN AND
CAROLYN L. WILLIAMS, THOMAS P. AND DOROTHY W. WILLIAMSON,
DANE AND LINDA WILSON, ANDREA R. WINTER, LLOYD C. AND SHELIA
D. WOOD, MICHAEL B. WRIGHT INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF CHERYL DALE WRIGHT,
WENDELL R. AND SHEILA WYBORNY, GARRY L. AND MYRIAM L.
ZALESKY, DARRELL D. AND ANGELA R. ZWINK, Appellants

V.

HARRIS COUNTY; HARRIS COUNTY FLOOD CONTROL DISTRICT;
HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NUMBER 168, HARRIS
COUNTY MUNICIPAL DISTRICT NUMBER 170, AND JONES & CARTER,
INC., Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 1999-45553




MEMORANDUM OPINION ON REHEARING
          Edward A. and Norma Kerr, together with approximately 360 other plaintiffs
(collectively, “the Kerrs”), sued Harris County and the Harris County Flood Control
District (collectively, the “Harris County entities”), two municipal utility districts
(“the MUDs”), and an engineering firm (“Jones & Carter, Inc.”), alleging that since
1984, their activities within the White Oak Bayou watershed have caused flooding
of the watershed, resulting in damage to the plaintiffs’ homes. The Kerrs asserted
inverse condemnation and nuisance claims against the Harris County entities and the
MUDs, alleging in each claim that they had “taken” their property without adequate
compensation. The Kerrs also asserted negligence claims against the engineering
firm, Jones & Carter. The trial court granted the defendants’ motions for summary
judgment, and the Kerrs appealed.
 
 
INVERSE CONDEMNATION AND NUISANCE CLAIMS AGAINST THE
GOVERNMENTAL ENTITIES

          On August 29, 2003, this Court issued an opinion reversing the trial court’s
summary judgment in favor of Harris County and the Harris County Flood Control
District on the Kerrs’ inverse condemnation and nuisance claims. In addition, we
affirmed the summary judgment in favor of Jones & Carter and the MUDs. We
remanded the claims against the Harris County entities to the trial court.
          On rehearing, Harris County raised a contest to the trial court’s jurisdiction. 
In order to examine the jurisdictional issue, we granted the motion for rehearing,
withdrew our opinion and judgment of August 29, 2003, and requested additional
briefing from the parties.
          This Court recently held that exclusive jurisdiction in inverse condemnation
claims is vested with the Harris County Civil Courts at Law, pursuant to section
25.1032(c) of the Government Code. See City of Houston v. Boyle, 148 S.W.3d 171,
177-79 (Tex. App. — Houston [1st. Dist.] 2004, no pet.) In Boyle, this Court applied
section 25.1032(c)


 to a case involving claims of nuisance and inverse condemnation. 
Id. at 177-79.
Because [plaintiff’s] pleadings seek recovery premised on allegations
that the City’s alleged conduct—both nonnegligent nuisance and inverse
condemnation—resulted in a taking of his property that entitled him to
compensation, we conclude that exclusive jurisdiction over [plaintiff’s]
nonnegligent nuisance claim, as well as his inverse condemnation claim,
is in the Harris County Civil Courts at Law pursuant to section
25.1032(c) of the Government Code.

Id. at 179; see also EPGT Tex. Pipeline, L.P. v. Harris County Flood Control Dist.,
No. 01-02-01056-CV, 2004 WL 1794715, at *9 (Tex. App.—Houston [1st Dist.]
August 12, 2004, no pet.) (holding that exclusive jurisdiction for inverse
condemnation claims lies with Harris County Civil Courts at Law).
          Like the plaintiff in Boyle, plaintiffs here seek, by way of their inverse
condemnation and nuisance claims, to recover compensation for the “taking” of their
property.


 We therefore hold that the trial court lacked subject-matter jurisdiction
over the plaintiffs’ inverse condemnation and nuisance claims against the Harris
County entities and the MUDs, because exclusive jurisdiction for those claims is
vested in with the Harris County Civil Courts at Law.
          Our jurisdiction over “the merits of a case extends no further than that of the
court from which the appeal is taken.” Pearson v. State, 315 S.W.2d 935, 938 (Tex.
1958); Dallas County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468
(Tex. App.—Dallas 1994, writ denied). If the trial court lacks jurisdiction, then the
appellate court has jurisdiction only to vacate the judgment of the trial court and
dismiss the cause. Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961); Ward v.
Malone, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); Dallas
County Appraisal Dist., 887 S.W.2d at 468. We therefore vacate the judgment of the
trial court as it relates to the inverse condemnation and nuisance claims against the
Harris County entities and the MUDs, and dismiss the appeal of those claims for want
of jurisdiction.
NEGLIGENCE CLAIMS AGAINST THE ENGINEERING FIRM



          Plaintiffs also sued Jones & Carter, an engineering company involved in the
development of Brookhollow subdivision, alleging that Jones & Carter “was
negligent in failing to provide for adequate storm water detention/retention facilities
or in some other manner [to] adequately mitigate the increased storm water runoff
created in conjunction with their developments in the White Oak Bayou watershed
upstream of Plaintiffs’ properties.” Jones & Carter moved for summary judgment
based upon the statute of repose, which the trial court granted.
The statute of repose applicable to engineers provides as follows:
A person must bring suit for damages for a claim listed in Subsection (b)
against a registered or licensed architect, engineer, interior designer, or
landscape architect in this state, who designs, plans, or inspects the
construction of an improvement to real property or equipment attached
to real property, not later than 10 years after the substantial completion
of the improvement or the beginning of operation of the equipment in an
action arising out of a defective or unsafe condition of the real property,
the improvement, or the equipment.

Tex. Civ. Prac. & Rem. Code Ann. § 16.008(a) (Vernon 2002) (emphasis added). 
The purpose of the statute of repose is to protect those who design, install, or
construct an improvement from facing “never-ending potential-liability based on that
work.” Reames v. Hawthorne-Seving, Inc., 949 S.W.2d 758, 761 (Tex. App.—Dallas
1997, pet. denied). The statute of repose differs from traditional statutes of
limitations in that the time period begins running when the improvement is
substantially completed, rather then when the damage or injury occurs or is
discovered. Gordon v. W. Steel Co., 950 S.W.2d 743, 745–46 (Tex. App.—Corpus
Christi 1997, pet. denied).
          As summary judgment proof, Jones & Carter introduced the affidavit of J. R.
Jones, an engineer for Jones & Carter, who testified that Brookhollow Corporation
hired Jones & Carter in 1982 to assist in developing section five of a business park. 
In connection with the job, Jones & Carter prepared engineering drawings that led to
the eventual construction of streets, waterlines, utility lines, sanitary sewer lines,
drainage, and detention facilities in Brookhollow West, section five. Jones & Carter
also designed and constructed a single street in Brookhollow West, section nine. In
connection with these projects, Jones & Carter introduced Certificates of Substantial
Completion, indicating that Jones & Carter completed the last of the projects on
January 10, 1985, well over ten years before the Kerrs filed suit in this case.
          Plaintiffs nonetheless contend a fact issue exists as to whether Jones & Carter
substantially completed its work. Specifically, plaintiffs introduced evidence that, in
1998, Jones & Carter produced an estimate to Brookhollow Corporation about the
cost of proposed improvements to a different section of Brookhollow West. 
Essentially, plaintiffs argue that as long as sections of Brookhollow West were yet to
be developed, Jones & Carter’s work was not substantially complete.
          Such evidence is insufficient to raise a fact issue as to the statute of repose.
Nothing in the record indicates that Jones & Carter was under a continuing obligation
to perform work for Brookhollow Corporation, or that Brookhollow Corporation
would choose to use Jones & Carter if it performed further improvements or
development. Jones & Carter established that it substantially completed the work in
the affected sections of Brookhollow West in 1985, and has not participated in the
design or construction of any improvements in the area since that time. Accordingly,
the trial court properly rendered summary judgment in favor of Jones & Carter.
 
CONCLUSION
          The trial court did not have jurisdiction to hear the plaintiffs’ inverse
condemnation and nuisance claims against the Harris County entities and the MUDs.
We therefore vacate the trial court’s summary judgment in favor of those entities and
dismiss those claims for lack of jurisdiction. We affirm the summary judgment in
favor of Jones & Carter.
 
                                                                        Jane Bland
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Bland.