CITY OF HOUSTON, Appellant,

v.

Gerald A.P. BOYLE, Appellee.

Nos. 01–03–00016–CV, 01–03–00759–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 8, 2004.

Anthony W. Hall, Jr., City Attorney, Randy L. Pourteau II, Senior Assistant City Attorney, Houston, for Appellant.

Barbara Hilburn, Christopher L. Farmer, Hilburn, Shores & Sherer, P.L.L.C., Mainess Gibson, Houston, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

Appellant, the City of Houston (the City), defendant in the trial court, brings these accelerated, interlocutory appeals to challenge two orders by which the trial court refused to grant the City's pleas to the jurisdiction for the claims of appellee,

Gerald A.P. Boyle.[1] In Cause No. 01–03–00016–CV, the City brings a single issue to challenge the trial court's first order on the grounds that Boyle did not, despite opportunity to amend his pleadings, allege facts sufficient to confer jurisdiction. In Cause No. 01–03–00759–CV, which the City pursued after the trial court denied the City's plea a second time, the City brings two issues. The first issue challenges the trial court's holding that Boyle's property-damage claim for nonnegligent nuisance is not a claim for inverse condemnation. The second issue addresses the trial court's decision to abate the trial-court proceedings to permit Boyle to re-plead to exclude his inverse-condemnation claim; the City contends that the trial court erred by not dismissing that claim for want of jurisdiction. We address these appeals together and reverse and render.

## Underlying Facts and Procedural Background

Boyle owns property in the Forest Cove Country Club Estates (Forest Cove) subdivision in Kingwood, Harris County. After annexing property in this area in 1996, the City began maintaining the drainage ditches in the area—a function previously performed by Harris County. In addition, the City approved plans and issued permits for construction of a shopping center and apartment complex near the Forest Cove subdivision.

When Boyle's property flooded during tropical storm Allison and again in fall 2001 and fall 2002, Boyle sued the City and others (not parties to this appeal) for damage to and loss of his property. Factually, Boyle's pleadings alleged that the City did not maintain the drainage ditches properly and that the City should not have issued building permits for construction near the Forest Cove subdivision because the new construction placed an excessive burden on the drainage ditches in the subdivision. Boyle's pleadings sought damages by imposing liability on the City under the following legal theories: inverse condemnation and nonnegligent nuisance, pursuant to Article I, section 17 of the Texas Constitution;[2] and recovery authorized by the Tort Claims Act (TCA).[3]

The City filed special exceptions to the pleadings, which the trial court denied, and then filed a plea to the jurisdiction to challenge the trial court's subject-matter jurisdiction to consider Boyle's claims, which the trial court also denied. The City perfected an appeal to this Court to challenge that ruling, under Cause No. 01–03–00016–CV. While that cause was pending in this Court, our sister court issued its opinion in *Taub v. Aquila Southwest Pipe-*

---

**1.** Our jurisdiction over these accelerated, interlocutory appeals derives from section 51.014(a)(8) of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2004); *see* Tex. R.App. P. 28.1 ("An appeal from an interlocutory order, when allowed, will be accelerated."). The Legislature has permitted an interlocutory appeal from an order granting or denying a plea to the jurisdiction to conserve resources that would be wasted in trying a case on the merits against an immune entity. *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.,* 35 S.W.3d 772, 773–74 (Tex.App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.), disavowed in part by *City of*

*Houston v. Northwood Util. Dist. No. 1,* 74 S.W.3d 183, 185 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (allocation of costs on appeal); *see also City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 753 (Tex.App.-Austin 1998, no pet.) (noting that high cost of defending suit against governmental entity ultimately borne by public, which warrants allowing jurisdictional issue to be resolved before merits of suit litigated).

**2.** Tex. Const. art. I, § 17.

**3.** Tex. Civ. Prac. & Rem.Code Ann. §§ 101.001–.109 (Vernon 1997 & Supp.2004).

*line Corp.*, 93 S.W.3d 451 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In its second plea to the jurisdiction, the City relied on *Taub* to argue, as *Taub* held, that the Harris County Civil Courts at Law had exclusive jurisdiction over Boyle's article I, section 17 claims for inverse condemnation and nonnegligent nuisance pursuant to section 25.1032(c) of the Government Code.[4] *See Taub*, 93 S.W.3d at 458–59.

The trial court's order denying the City's plea acknowledged that the trial court lacked jurisdiction over Boyle's inverse condemnation claim.[5] In the same order, the trial court abated the suit until Boyle amended his pleadings to remove that claim. Because the order again denied the City's plea, we may infer that the trial court concluded that it retained jurisdiction over Boyle's remaining claims. On the parties' joint motion for clarification of that order, the trial court signed an amended order. This order again denied the City's plea and ordered all proceedings abated until Boyle amended his pleadings to exclude his claim for inverse condemnation, but held, in addition, that Boyle's

non-negligent nuisance claim was not an article I, section 17 claim "within the meaning of section 25.1032(c) of the Texas Government Code" and thus implicitly held that the trial court retained jurisdiction over that claim.

### Plea to the Jurisdiction

 A trial court must have subject-matter jurisdiction to adjudicate the subject matter of a cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–28, 47 Tex. Sup.Ct. J. 386, 390–91 (2004). The burden is on the plaintiff to plead facts that affirmatively demonstrate subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Subject-matter jurisdiction may be challenged by a plea to the jurisdiction authorized by rule 85. *See Miranda*, 133 S.W.3d 217, 225–26, 47 Tex. Sup.Ct. J. at 390; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999); TEX.R. CIV. P. 85.

 Whether the plaintiff has alleged facts that demonstrate subject-matter ju-

---

4. TEX. GOV'T CODE ANN. § 25.0132(c) (Vernon 2004).

5. Boyle's appellee's brief in Cause No. 01–03–00759–CV contains four issues that he has designated "cross-points." In one of these issues, Boyle challenges the trial court's conclusion that it lacked jurisdiction to address the claims in which Boyle asserted that the City's actions constituted inverse condemnation. In a second issue, Boyle raises a threshold challenge to the trial court's considering either of the City's pleas to the jurisdiction because neither plea was verified. Rule 25.1(c) of the Rules of Appellate Procedure requires, "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX.R.APP. P. 25.1(c); *see Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex.2001). Rule 25.1(c) further states that this Court "may not grant a party who does not file a notice of appeal *more favorable relief than did the trial court except for just cause.*" TEX.R.APP. P.

25.1(c)(Emphasis added). Boyle did not file a notice of appeal. Yet, the issues outlined here propose to "alter" the trial court's rulings on the City's pleas to the jurisdiction, as follows: The first, if granted, would result in the trial court's retaining Boyle's inverse condemnation claims, rather than deferring to the jurisdiction of the Harris County Civil Courts at Law. The second, if granted, would also change the trial court's rulings: instead of partially granting relief in favor of the City by deferring to the jurisdiction of the Harris County Courts as Law, as occurred here, the trial court would necessarily have summarily denied relief to the City based on the allegedly defective pleas. Both of Boyle's arguments thus seek to alter the trial court's interlocutory orders by requesting more favorable relief than granted by the trial court. Because Boyle did not perfect his own appeal, we have no jurisdiction to consider either of the "cross -points" described in this footnote. *See* TEX.R.APP. P. 25.1(c).

risdiction is a question of law. *Miranda,* 133 S.W.3d 217, 225–26, 47 Tex. Sup.Ct. J. at 390. Therefore, we review the trial court's granting or denying the plea de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). In asserting a plea to the jurisdiction, a party contends that an incurable jurisdictional defect precludes the court's hearing the case on the merits, even if all allegations in the pleadings are true. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *City of Houston v. Northwood Mun. Dist. No. 1,* 73 S.W.3d 304, 307 (Tex.App.-Houston [1st Dist.] 2001, no pet.). We do not look to the merits of the plaintiff's case in conducting our review, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Miranda,* 133 S.W.3d 217, 225–26, 47 Tex. Sup.Ct. J. at 390–91; *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Miranda,* 133 S.W.3d 217, 226–28, 47 Tex. Sup.Ct. J. at 391.

### Sovereign Immunity[6]

■■■ Sovereign immunity protects the State, its agencies and officials, and political subdivisions of the State from suit, unless immunity from suit has been waived. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001). The sovereign immunity of the State inures to the benefit of a municipality insofar as the municipality engages in the exercise of governmental functions, except when that immunity has been waived.[7] *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 840 (Tex.2000); *City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997); *see also City of Houston v. Rushing,* 39 S.W.3d 685, 686 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (stating, "The City of Houston, as a home-rule municipality, is generally immune from both suit and liability in its governmental functions.").

■■■ Governmental immunity encompasses the following two principles: (1) immunity from suit, which precludes a lawsuit against the entity unless the Legislature has expressly consented to the suit, and (2) immunity from liability, which precludes a judgment against the entity even if the Legislature has expressly consented to the suit. *Miranda,* 133 S.W.3d 217, 224–25, 47 Tex. Sup.Ct. J. at 389; *Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). The burden is on the plaintiff to establish subject-matter jurisdiction by showing that the entity has waived immunity from suit. *Jones,* 8 S.W.3d at 638. Subject-matter jurisdiction is a question of law. *Miranda,* 133 S.W.3d 217, 225–26, 47 Tex. Sup.Ct. J. at 390. Unless the entity has consented to suit, the trial court lacks subject-matter jurisdic-

---

**6.** Texas courts often use the terms sovereign immunity and governmental immunity synonymously and interchangeably without distinguishing between the terms. As the supreme court has noted, (1) sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, and (2) governmental immunity protects political subdivisions of the State, which include counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003). Because the City of Houston is a municipality, we shall use the term governmental immunity when referring to the City in this opinion. When relying on other authority that addresses or uses the term, "sovereign immunity," however, we shall use that term as well.

**7.** Conversely, a municipality has no "sovereign immunity" when it engages in the exercise of proprietary functions. *City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). The parties do not dispute that the City engaged in a governmental function with regard to the activities involved in this case.

tion. *Id.* Immunity from suit is waived only by legislative consent or constitutional amendment. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 695 (Tex.2003). The supreme court has repeatedly held that statutory or constitutional provisions must state the waiver in clear and unambiguous language. *E.g., Taylor,* 106 S.W.3d at 696; *Pelzel,* 77 S.W.3d at 248; *see also* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2004) (providing, "In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

### Constitutional Waiver of Immunity— Article I, Section 17

A landowner whose property has been taken, damaged, destroyed for, or applied to public use without adequate compensation may bring an inverse condemnation claim pursuant to article I, section 17 of the Texas Constitution, which provides in part, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. . . ." TEX. CONST. art. I, § 17; *Tex. Parks & Wildlife Dep't v. Callaway,* 971 S.W.2d 145, 148 (Tex.App.-Austin 1998, no pet.) (explaining meaning of "inverse" condemnation). The constitution thus waives governmental immunity from suit and liability "for the taking, damaging or destruction of property for public use." *Steele v. City of Houston,* 603 S.W.2d 786, 788–92 (Tex.1980); *see Likes,* 962 S.W.2d at 504–05; *Northwood Mun. Dist. No. 1,* 73 S.W.3d at 308. A landowner may recover for damages to his property under article I, section 17 even when there is no transfer of property rights.

*Steele,* 603 S.W.2d at 790. To demonstrate that a constitutional inverse condemnation has occurred, the landowner must show that (1) the State intentionally performed certain acts in the exercise of its lawful authority (2) that resulted in a "taking" of property (3) for public use. *Steele,* 603 S.W.2d at 791; *State v. Hale,* 146 S.W.2d 731, 736 (1941); *Northwood Mun. Dist. No. 1,* 73 S.W.3d at 308.

### A. Whether Government Code Section 25.1032(c) Applies to Boyle's Nonnegligent (Intentional) Nuisance Claim

In response to the City's second plea to the jurisdiction, the trial court agreed that under the *Taub* decision, the Harris County Civil Courts at Law had exclusive jurisdiction over Boyle's inverse condemnation claims. That conclusion remains unchallenged because, as explained above, Boyle did not perfect his own appeal to challenge that ruling.[8]

It is undisputed that Boyle's pleadings invoked article I, section 17's waiver of immunity for both his inverse condemnation and his nonnegligent (intentional) nuisance claims. The trial court nevertheless concluded that Boyle's nuisance claim was "not an inverse condemnation claim within the meaning of section 25.1032(c)" of the Government Code and was therefore not within the exclusive jurisdiction of the Harris County Civil Courts at Law.

In its first issue in Cause No. 01–03–00759–CV, the City challenges that conclusion and the trial court's implied conclusion that it retained jurisdiction over Boyle's nonnegligent (intentional) nuisance claim. As *Taub* recognized, Harris County Civil Courts at Law have exclusive jurisdiction over article I, section 17 claims

---

8. See note 6, *supra.*

pursuant to section 25.1032(c) of the Government Code.[9] *See Taub*, 93 S.W.3d at 458–59. Section 25.1032(c) of the Government Codes provides in part as follows:

> (c) A county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, regardless of the amount in controversy.

Tex. Gov't Code Ann. § 25.1032(c) (Vernon 2004). Boyle disputes that the Harris County Civil Courts at Law have jurisdiction over his nonnegligent nuisance claim because section 25.1032(c) refers only to "eminent domain proceedings" and does not refer to either article I, section 17 or nonnegligent nuisance. Boyle's contentions ignore his own pleadings.

### 1. Eminent Domain and Condemnation Consist of Taking

 A municipality exercises its power of eminent domain through the process generally referred to as "condemnation." *Taub*, 93 S.W.3d at 456 (quoting Black's Law Dictionary 523 (6th ed.1990)). Condemnation is the procedure by which the sovereign exercises its right to take property of a private owner for public use, without consent, but upon the payment of just compensation. *A.C. Aukerman Co. v. State*, 902 S.W.2d 576, 577 (Tex.App.-Houston [1st Dist.] 1995, writ denied). Inverse condemnation occurs when (1) a property owner seeks (2) compensation for (3) property taken for public use (4) without process or a proper condemnation proceeding. *See id.*, 902 S.W.2d at 577; *see also Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex.1992) ("An inverse condemnation or 'taking' action is thus available to compensate a property owner for a loss resulting when his property has been taken or damaged for public use without compensation or a condemnation proceeding.").

### 2. Nonnegligent (Intentional) Nuisance as Governmental "Taking"

When a governmental entity creates a nonnegligent nuisance that damages and thus "takes" the owner's property, settled law recognizes that article I, section 17 of the constitution waives immunity and enables a property owner to recover compensation for the loss of his property.[10] *See Likes*, 962 S.W.2d at 504; *Steele*, 603 S.W.2d at 791; *City of Abilene v. Downs*, 367 S.W.2d 153, 159 (Tex.1963); *Brewster v. City of Forney*, 223 S.W. 175, 176 (Tex. Com.App.1920, judgm't adopted); *see also Kerr v. Tex. Dep't of Transp.*, 45 S.W.3d 248, 250, 252 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (holding that trial court erroneously sustained plea to jurisdiction because pleadings sufficiently alleged both nuisance and constitutional taking); *Tarrant County v. English*, 989 S.W.2d 368, 374 (Tex.App.-Fort Worth 1998, pet. denied) (noting that nonnegligent nuisance claims are *alternative* grounds of recovery under article I, section 17 of the constitution); *Bible Baptist Church v. City of Cleburne*, 848 S.W.2d 826, 830 (Tex.App.-Waco 1993, writ denied) (recognizing that proof of nonnegligent nuisance authorizes recovery for unconstitutional *taking* ).

### 3. Boyle's Pleadings Alleged "Taking" by Inverse Condemnation and Nuisance

Boyle's amended pleadings alleged that the City's intentional conduct, both in

---

**9.** Tex. Gov't Code Ann. § 25.0132(c) (Vernon 2004).

**10.** "Nonnegligent," in this context, means beyond simple negligence, i.e., gross negligence or an intentional act. *Tarrant County v. English*, 989 S.W.2d 368, 374 (Tex.App.-Fort Worth 1998, pet. denied). Nuisance resulting from the *negligent* performance of a governmental function is not actionable. *Id.; see City of Tyler v. Likes*, 962 S.W.2d 489, 504 (Tex.1997).

maintaining the drainage ditches and in issuing the permit for adjacent construction, "resulted in a taking and a non-negligent [sic] nuisance under Article I, section 17 of the Texas Constitution[,]" which denied Boyle his constitutional right "to receive the benefit of the proper condemnation proceedings." Boyle further alleged that the City "intentionally took [Boyle's] land for a public use without proper compensation[,]" that he had a right to "recover just compensation for the taking, damaging and destroying of his property[,]" and that his inverse condemnation and nonnegligent nuisance were causes of action granted under the constitution, for which the City "has no immunity."

### 4. Boyle's Claims—Both Inverse Condemnation and Nonnegligent (Intentional) Nuisance—Sought Condemnation Damages

Taking the allegations in Boyle's pleadings as true and construing them liberally and in favor of conferring jurisdiction, *Miranda*, 133 S.W.3d 217, 226–28, 47 Tex. Sup.Ct. J. at 391, we conclude that Boyle contends that the City's conduct amounted to *both* a nonnegligent (intentional) nuisance *and* an inverse condemnation, for which the City had constitutionally waived immunity, and that *both* actions by the City amounted to an intentional taking, for which Boyle was entitled to compensation through the "proper *condemnation* proceedings." (Emphasis added.) As *Taub* recognized, because inverse condemnation proceedings are the means by which the City exercises its power of eminent domain, they are therefore within the exclusive jurisdiction of the Harris County Civil Courts at Law. *See Taub*, 93 S.W.3d at 456. Because Boyle's pleadings seek recovery premised on allegations that the City's alleged conduct—both nonnegligent nuisance and inverse condemnation—resulted in a taking of his property that

entitled him to compensation, we conclude that exclusive jurisdiction over Boyle's nonnegligent nuisance claim, as well as his inverse condemnation claim, is in the Harris County Civil Courts at Law pursuant to section 25.1032(c) of the Government Code. TEX. GOV'T CODE ANN. § 25.1032(c); *see Taub*, 93 S.W.3d at 458–59. Accordingly, the trial court should have sustained the City's second plea to the jurisdiction and erred by concluding that Boyle's nuisance claim was not an inverse condemnation claim within the meaning of section 25.1032(c).

We sustain the City's first issue in Cause No. 01–03–00759–CV.

### B. Whether the City Waived Immunity Under the Tort Claims Act

Having held that the trial court should have sustained the City's plea to the jurisdiction for Boyle's nonnegligent nuisance claims in addition to his inverse condemnation claims and yielded those claims to the exclusive jurisdiction of the Harris County Civil Courts at Law, we note that the only claims that remain are those that Boyle contends he was entitled to assert under the TCA. In its sole issue in Cause No. 01–03–00016–CV, the City contends that the trial court erred by denying the City's plea to the jurisdiction for those claims.

The TCA does not create a cause of action, but merely establishes waiver of governmental immunity. *Likes*, 962 S.W.2d at 494. The entity remains immune unless waived by the TCA. *Miranda*, 133 S.W.3d 217, 224–25, 47 Tex. Sup.Ct. J. at 389. The TCA waives immunity from suit for liability created under the TCA. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon Supp.2004); *see Miranda*, 133 S.W.3d 217, 224–25, 47 Tex. Sup.Ct. J. at 389. Broadly construed, Boyle's pleadings allege that the City im-

properly maintained its storm sewers and improperly issued a building permit for the apartment-complex construction, and Boyle seeks actual and punitive damages for claimed damage to and loss of his property. The acts and omissions that Boyle alleges are all governmental functions. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.0215(a)(9), (28), (29), (30) (Vernon Supp.2004) (operation and maintenance of storm sewers; building codes and inspection, plat approval; and engineering functions, respectively).

A governmental entity may be liable under the TCA for property damage that occurs as a result of its governmental functions in the following instances:

(1) property damage ... proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage ... arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997).

Under the TCA, therefore, for the City to waive immunity for property-damage claims, the damage must have been caused by negligent operation or use of a motor vehicle or motor-driven equipment. Because Boyle's pleadings do not allege either of these, the general rule of immunity controls. *See Miranda*, 133 S.W.3d 217, 226–28, 47 Tex. Sup.Ct. J. at 391. Accordingly, the trial court erred by not sustaining the City's first plea to the jurisdiction for the claims for which Boyle claimed the TCA waived the City's immunity.

We sustain the City's sole issue in Cause No. 01–03–00016–CV.

## C. Whether the Trial Court Properly Ordered Abatement to Permit Boyle to Amend His Pleadings to Remove His Inverse Condemnation Claim

■■■ The City's second issue in Cause No. 01–03–00759–CV challenges the trial court's decision to abate the trial-court cause to permit Boyle to amend his pleadings to remove his inverse condemnation claim. The supreme court recently clarified that a trial court properly abates a cause in response to a plea to the jurisdiction when the facts alleged in the pleadings do not demonstrate incurable defects and are merely insufficient to assert jurisdiction. *Miranda*, 133 S.W.3d 217, 226–28, 47 Tex. Sup.Ct. J. at 391. When, as we have held above, the pleadings "affirmatively negate" jurisdiction, the trial court properly grants the plea to the jurisdiction without allowing an opportunity to amend. *Id.*

■■■ The trial court's abatement here assumes that the trial court retained jurisdiction to address Boyle's tort claims, pursuant to the TCA, and his nonnegligent (intentional) nuisance claims. We have held that, under the facts alleged and the legal theories pursued, the trial court had no jurisdiction to address either and should have sustained the City's pleas. Accordingly, Boyle's defects were incurable; nothing remained to abate; and the trial court should have dismissed the cause in response to the City's second plea.

We sustain the City's second issue in Cause No. 01–03–00759–CV.

### Conclusion

We reverse the judgment of the trial court and render judgment sustaining the City's pleas to the jurisdiction. We deny all pending motions as moot.