Opinion issued June 19, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00583-CV






DENNIS JAMES POLEDORE, JR., Appellant


V.


FRANK JEROME FRALEY, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 06-CV-153748






MEMORANDUM OPINION

 Appellant, Dennis James Poledore, Jr., appeals the trial court's granting of a
no-evidence summary judgment in favor of appellee, Frank Jerome Fraley. We
reverse and remand.

BACKGROUND

 Poledore, an inmate in the Texas Department of Corrections--Institutional
Division, filed a civil suit against Fraley, the court-appointed attorney who
represented him in his criminal case, alleging that Fraley had (1) committed forgery
by amending a waiver of arraignment document that Poledore had previously signed,
and (2) failed to hire a private investigator to work on Poledore's case. Poledore's
petition alleged that it was a "Tort Civil Action at Law for Damages" and that
jurisdiction was "invoked by the Texas Tort Claims Act." By way of the suit, 
Poledore sought to recover $50,000 in monetary damages from Fraley.

 Fraley filed a no-evidence motion for summary judgment alleging that there
was "no evidence of one or more of the following elements of Tort Claim." 
Specifically, Fraley claimed that Poledore had not produced any evidence that Fraley
was an "employee" as that term is defined by the Tort Claims Act. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.001(2) (Vernon 2005). The trial court granted
Fraley's motion.

PROPRIETY OF NO-EVIDENCE SUMMARY JUDGMENT


 In his sole issue on appeal, Poledore contends the trial court erred in granting
Fraley's no-evidence motion for summary judgment.


Standard of Review 

 To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party's cause of action. 
Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94,
99 (Tex. 2004). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Boaz v. Boaz, 221 S.W.3d
126, 130 (Tex. App.--Houston [1st Dist.] 2006, no pet.). Although the non-movant
need not marshal its proof, it must present evidence that raises a genuine issue of
material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary
judgment motion may not properly be granted if the non-movant brings forth more
than a scintilla of evidence to raise a genuine issue of material fact on the challenged
elements. See Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists
when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).

Analysis

 In his motion for no-evidence summary judgment, Fraley argued that Poledore
had no evidence to prove an "element" of his claim under the Texas Tort Claims Act. 
Specifically, Fraley argued that there was no evidence that he was an "employee" of
a governmental unit, and that he was, instead, an independent contractor.

 "[T]he Tort Claims Act does not create a cause of action; it merely waives
sovereign immunity as a bar to a suit that would otherwise exist." City of Tyler v.
Likes, 962 S.W.2d 489, 494 (Tex. 1997); see also City of Houston v. Boyle, 148
S.W.3d 171, 179 (Tex. App--Houston [1st Dist] 2004, no pet.) ("The TCA does not
create a cause of action, but merely establishes a waiver of governmental
immunity.").

 As such, Poledore's failure to prove that Fraley is an employee of a
governmental unit means that Poledore has not established a waiver of sovereign
immunity. However, no party has claimed immunity in this case, and Poledore is not
seeking to hold a governmental unit responsible for Fraley's actions. Quite simply,
sovereign immunity and the application of the Tort Claims Act are not issues in this
case.

 Because the Tort Claims Act does not create a cause of action, whether Fraley
is an "employee" of a governmental unit is not an "element" of Poledore's cause of
action. (1) Fraley's no-evidence motion for summary judgment does not attack an
essential element of Poledore's cause of action, thus the trial court erred in granting
summary judgment in Fraley's favor.

CONCLUSION

 We reverse the judgment of the trial court and remand for further proceedings.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


1. ' 
 - -- 
 '