Opinion
issued March 17, 2011   

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 

 
 



NO. 01-10-00038-CV

 


 
 

 
 



KNAPP CHEVROLET, INC., Appellant

 

V.

 

FROST BANK, N.A., U.S. AUTO INSURANCE D/B/A U.S. AUTO,
AND THE SPURLOCK LAW FIRM, Appellees

 


 
 

 
 
 



On Appeal from the County Court at Law No.
4

Harris County, Texas

Trial Court Cause Nos. 828065003

 


 
 

 
 
 



MEMORANDUM
OPINION

Appellant, Knapp Chevrolet, Inc.
(“Knapp”), challenges the trial court’s rendition of a take-nothing judgment against
it and in favor of appellees, Frost Bank, N.A., U.S. Auto Insurance Services,
Inc. D/B/A U.S. Auto, and the Spurlock Law Firm, in Knapp’s garnishment suit
against appellees, in which Knapp sought to recover appellate attorney’s fees incurred
in a prior appeal.  In two issues, Knapp
contends that the trial court erred in denying its application for writ of
garnishment. 

We affirm.    

Background

          The
background facts are more fully discussed in an opinion that we issued in an appeal
arising from a prior proceeding in the trial court.  See
Benavides v. Knapp Chevrolet, Inc., No. 01-08-00212-CV, 2009 WL 349813, at
*1–4 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.).  As summarized therein, in December 2004, Eric
Preston, a non-party to this appeal, filed a petition against Giovanni A.
Benavides, alleging that Benavides negligently caused a car collision.  Benavides filed a third-party petition against
Knapp, the owner of the car that Preston was test-driving at the time of the collision.
 Preston obtained a judgment against
Benavides for $6,045.00, and Benavides obtained a default judgment against
Knapp for the amount of the judgment and attorney’s fees.

          Knapp
subsequently filed a motion for new trial, answer, summary-judgment motion, and
a motion for sanctions.  The trial court
granted Knapp’s motion for new trial and summary-judgment motion, and it also
imposed sanctions, jointly and severally, in the amount of $12,000, against
Benavides; Benavides’s trial counsel, Spurlock; and Benavides’s insurance
carrier, U.S. Auto.  The trial court also
ordered that, in the event that Benavides, Spurlock, or U.S. Auto appealed the
sanctions order, Knapp would be entitled to recover “from the appealing party” additional
appellate attorney’s fees in the amount of $12,000 if Knapp “prevail[ed] at the
appellate level.”  

Only Benavides filed a notice of
appeal of the sanctions order; Spurlock and U.S. Auto did not.  Accordingly, in the prior appeal, we only
considered the merits of Benavides’s challenge to the sanctions order against him.
 Id.
at *3 (citing Tex. R. App. P.
25.1(c); Alaska Flight Servs. v. Dallas
Cent. Appraisal Dist., 261 S.W.3d 884, 886 (Tex. App.—Dallas 2008, no
pet.); City of Houston v. Boyle, 148
S.W.3d 171, 175 n.5 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).  We held that there was no evidence to support
the imposition of sanctions against Benavides, and we reversed the order
imposing sanctions against Benavides.  Id. at *4–7.  In our judgment, we ordered Knapp to pay all
appellate costs.  Thereafter, U.S. Auto
paid the $12,000 sanction award to Knapp. 


Following this payment, Knapp
initiated the proceedings that give rise to this appeal.  Knapp filed an application for writ of
garnishment against garnishee Frost Bank.  In its application, Knapp acknowledged that it
had been paid $12,000, but it contended that it remained entitled to recover the
additional $12,000 from U.S. Auto and Spurlock, jointly and severally, in light
of the trial court’s previous order awarding appellate attorney’s fees in the
prior appeal.[1]  U.S. Auto and Spurlock filed an objection to
the writ of garnishment, arguing that because our Court had previously held
that they were not proper parties to the prior appeal and were not entitled to
challenge the trial court’s sanctions order in the prior appeal, Knapp was not
entitled to recover from them an additional $12,000 in attorney’s fees.  The trial court denied Knapp’s application,
and it awarded Frost Bank $500 for attorney’s fees.

 “Appealing Party”

In two issues, Knapp argues that the
trial court erred in denying its application for a writ of garnishment, in
which it sought to recover its appellate attorney’s fees from the prior,
related appeal, because it “prevailed” in its appeal against U.S. Auto and
Spurlock and both U.S. Auto and Spurlock should be considered “appealing
parties within the meaning” of the trial court’s prior judgment.

The trial court, in its prior judgment,
imposed sanctions in the amount of $12,000 against Benavides, Spurlock, and
U.S. Auto, jointly and severally, and it also provided, in pertinent part,

Additionally, in the event that [Benavides], his
counsel [Spurlock], or his insurer, U.S. Auto, shall appeal this award of
sanctions, Knapp Chevrolet, Inc. shall have and recover from the appealing
party its reasonable and necessary attorney’s fees totaling $12,000 in the
event this matter is appealed to the court of appeals and Knapp Chevrolet, Inc.
prevails at the appellate level . . . .

 

In our opinion in the prior appeal
arising from the trial court’s $12,000 sanctions order, we determined that neither
Spurlock nor U.S. Auto were parties to that appeal.  Although we held that no evidence supported
the sanctions award, because of our determination on the question of which
parties were properly before the Court, we rendered a take-nothing judgment
against Knapp only in favor of Benavides. 
By limiting our holding to Benavides, the sanctions award remained standing
against U.S. Auto and Spurlock.  

The terms of the trial court’s
original judgment plainly provide that Knapp would only be entitled to recover an
additional $12,000 in appellate attorney’s fees against an “appealing
party.”  Because Spurlock and U.S. Auto were
not “appealing part[ies]” in the prior appeal, we hold that the trial court did
not err in denying Knapp’s application for writ of garnishment.

We overrule Knapp’s first and second
issues.[2]

Conclusion

          We
affirm the judgment of the trial court.

                                                                   

Terry Jennings

Justice

 

Panel consists of Justices Jennings, Higley,
and Brown.

 











[1]           Frost
Bank answered, agreeing that it was indebted to U.S. Auto in an amount
exceeding $24,000.  





[2]           We do not suggest that a party would
necessarily be foreclosed from recovering its appellate attorney’s fees when an
appeal is dismissed or is resolved on procedural grounds.  However, here, it is clear, as reflected in
our prior opinion, that neither U.S. Auto nor Spurlock filed a notice of appeal
in the prior appeal.  And, Benavides, who
did appeal the sanction order, prevailed in the prior appeal, as we reversed
the sanctions order as to him.  Under
these circumstances, and in light of the language of the prior trial court’s
judgment, we conclude that the trial court properly denied Knapp Chevrolet’s
application for a writ of garnishment.