ACCEPTED
07-14-00199-cv
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/10/2015 5:06:53 PM
Vivian Long, Clerk

No. 07-14-00199-CV

_____

IN THE COURT OF APPEALS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
4/10/2015 5:06:53 PM
VIVIAN LONG
CLERK

FOR THE SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

_____

BRIAN RUSSELL AND RONALD RUMPF,
Appellants,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
Appellee.

_____

On Appeal From the 47th Judicial District Court
Of Potter County, Texas

_____

Trial Court Cause No. V-101657-00-A

_____

**APPELLEE TDCJ'S BRIEF**

_____

KEN PAXTON
Attorney General of Texas

KAREN MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

CHARLES E. ROY
First Assistant Attorney General

MARCUS T. SANDERS*
Assistant Attorney General
P.O. Box 12548, Capitol Station

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

Austin, Texas 78711
Tel (512) 463-2080
Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANT**
**\*Attorney-in-charge**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................ii

INDEX OF AUTHORITIES.........................................................................................iii

I.    STATEMENT OF THE CASE……………….………………………............. 2

II.   STATEMENT ON ORAL ARGUMENT.........................................................4

III.  ISSUES PRESENTED .....................................................................................5

IV.   STATEMENT OF FACTS................................................................................6

V.    SUMMARY OF THE ARGUMENT...............................................................7

ARGUMENT ..............................................................................................................8

        Reply to Issue 1: The trial court did not have subject matter jurisdiction over the present suit so the error, if any, is harmless ...............................................8

        Reply to Issue 2: The trial court did not error in granting Appellee's Second Plea to the Jurisdiction.................................................................................9

              A. Appellant failed to allege facts sufficient to support a claim under Article 1, Section 17 ..............................................................................10

              B. Appellant failed to allege facts sufficient to support a claim under Article 1, Section 19 ..............................................................................12

        Reply to Issue 3: The trial court did not err in not allowing Appellants to re-amend their petition ..................................................................................16

VI.   PRAYER.........................................................................................................19

RULE 9.4(i) CERTIFICATION ..................................................................................20

NOTICE OF FILING ..................................................................................................20

CERTIFICATE OF SERVICE ...................................................................................20

# INDEX OF AUTHORITIES

**Cases**

*Aguilar v. Chastain,* 923 S.W.2d 740 (Tex. App.—Tyler 1996, writ denied) ........16

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547 (Tex. 2000) ...................................8

*Bybee v. Fireman's Fund Ins. Co.,* 331 S.W.2d 910 (Tex. 1960)............................10

*City of DeSoto v. White,* 288 S.W.3d 389 (Tex. 2009)..............................................8

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .............................. 13, 14

*City of Houston v. Boyle*, 148 S.W.3d 171
       (Tex. App.—Houston [1st Dist.] 2004, no pet.)..................................11

*City of Houston v. Rhule,* 417 S.W.3d 440 (Tex. 2013) ...........................................8

*Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401 (Tex. 1997)........................................14

*Fernandez v. T.D.C.J.*, 341 S.W.3d 6 (Tex. App.—Waco 2010, no pet.)...............12

*Fin. Comm'n of Tex. v. Norwood,* 418 S.W.3d 566 (Tex. 2013) ..............................8

*Gen. Servs. Comm'n v. Little–Tex Insulation Co.,*
       39 S.W.3d 591 (Tex. 2001) ......................................................... 10, 11

*Hammonds v. Camp*, No. 07–03–0496–CV,
       2004 WL 769373 (Tex. App.—Amarillo 2004, no pet.).....................16

*In re United Servs. Auto. Ass'n,* 307 S.W.3d 299 (Tex. 2010) .................................8

*Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922 (Tex. 1998).......................... 10, 11

*McAllen Hospitals, L.P. v. Suehs*, 426 S.W.3d 304
　　　(Tex. App.—Amarillo, 2014, no pet.)................................................11

*Mitchell v. Amarillo Hosp. Dist.*, 855 S.W.2d 857
　　　(Tex. App.—Amarillo 1993, writ denied)............................................13

*Retzlaff v. Tex. Dep't of Criminal Justice,* 135 S.W.3d 731
　　　(Tex. App.—Houston [1st Dist.] 2003, no pet.).......................... 11, 12

*Save Our Springs Alliance v. City of Austin,*
　　　149 S.W.3d 674 (Tex. App.—Austin 2004, no pet.).........................18

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422 (2007) .............8

*Tarrant Reg'l Water Dist. v. Gragg,* 151 S.W.3d 546 (Tex. 2004).........................11

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993) ...............13

*Tex. Dep't of Criminal Justice v. Jackson*, No. 01-07-00477-CV, 2008
　　　WL 2209350 (Tex. App.—Houston [1st Dist.] 2008, no pet.)............12

*Tex. Dep't of Parks & Wildlife v. Miranda,*
　　　133 S.W.3d 217 (Tex. 2004) .................................................. 9, 10, 18

*Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 620 (Tex. 2011) ................... 13, 15

*Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (1993) ....................9

*Texas Dep't of Trans. v. Jones,* 8 S.W.3d 636 (Tex. 1999) ......................................9

*Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384 (Tex. 2011)........13

*Thornburgh v. Abbott,* 490 U.S. 401 (1989).........................................................15

*Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,*
       140 S.W.3d 351 (Tex. 2004) ...........................................................8, 10

*Villarreal v. Harris County*, 226 S.W.3d 537
       (Tex. App.—Houston [1st Dist.] 2006, no pet.)..................................11

*Ware v. Miller*, 82 S.W.3d 795 (Tex. App.—Amarillo 2002, pet. denied).............13

No. 07-14-00199-CV

_____

IN THE COURT OF APPEALS

FOR THE SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

_____

BRIAN RUSSELL AND RONALD RUMPF,
Appellants,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
Appellee.

_____

On Appeal From the 47th Judicial District Court
Of Potter County, Texas

_____

Trial Court Cause No. V-101657-00-A

_____

**APPELLEE TDCJ'S BRIEF**

_____

**TO THE HONORABLE JUSTICES OF THE SEVENTH COURT OF APPEALS:**

Appellee Texas Department of Criminal Justice, through the Attorney General for the State of Texas, files this brief in response to the brief filed by Appellants. In support of the trial court's ruling, Appellee respectfully offers the following:

# I.    STATEMENT OF THE CASE

Appellants Brian Russell and Ronald Rumpf are inmates of the Texas Department of Criminal Justice ("TDCJ") and were incarcerated at the Clements Unit at all times relevant to his lawsuit. Appellants, *pro se,* initially brought suit on August 8, 2013, pursuant to the Texas Tort Claims Act, the Administrative Procedure Act, and the Uniform Declaratory Judgment Act ("UDJA") seeking declaratory relief and monetary damages. CR at 10-14. On October 16, 2013, Appellee TDCJ filed its first plea to the jurisdiction asserting its entitlement to sovereign immunity. CR at 31-39. On December 10, 2013, Appellants filed a response to Appellee's plea to the jurisdiction. CR at 53-85. On January 27, 2014, Appellants filed their first amended petition pursuant to the Uniform Declaratory Judgment Acts and Article 1, Sections 17 and 19 of the Texas Constitution for declaratory, injunctive and monetary relief. CR at 91-160. On February 18, 2014, the trial court issued an order stating that it did not intend to further consider or rule on the pending plea to the jurisdiction unless it was re-urged in the context of the allegations of the amended petition. CR at 161. On March 20, 2014, Appellee TDCJ filed its second plea to the jurisdiction again asserting sovereign immunity. CR at 165-71. On March 24, 2014, Appellee TDCJ filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a asserting that Plaintiff's claims had no basis in law. CR at 175-83. On April 16, 2014, Appellants filed its responses to

both the plea to the jurisdiction and the Rule 91a motion to dismiss. CR at 187-200, 202-11. On May 6, 2014, the trial court signed two separate final judgment dismissing the cause of action with prejudice in response to both the plea to the jurisdiction and the Rule 91a motion to dismiss. CR at 212, 213.

## II. STATEMENT ON ORAL ARGUMENT

Appellee TDCJ contends that the facts and legal arguments are adequately presented within the briefs and record and that the dispositive issue has already been authoritatively decided. As such, oral argument would not significantly aid the decisional process in this case. Tex. R. App. P. 39.1.

## III.   ISSUES PRESENTED

1. Whether the trial court erred in entering two final judgments?

2. Whether the trial court erred in granting Appellee TDCJ's Second Plea to the Jurisdiction?

3. Whether the trial court erred in dismissing Appellants' claims without allowing them an opportunity to re-amend?

# IV. STATEMENT OF FACTS

Appellants claim that on May 19, 2011, Warden Baker of the Clements Unit initiated a sham Safe Prisons investigations against Appellants and three other offenders. Pending the investigation, the offenders were temporarily housed in solitary confinement. Additionally, as a result of the housing transfer the offenders' property was searched and inventoried. Appellants alleged that some of their personal property was confiscated as contraband and they received disciplinary cases due to the contraband. Hearings were held on June 6, 2011, where both Appellants were found guilty of possessing contraband. Appellants claimed that although they attempted to reacquire their property in accordance with TDCJ policy, the confiscated items were eventually disposed of without their input.

Appellants claim that they were denied due process in regards to their placement in solitary confinement on May 19th and the disciplinary hearing that was held on June 11th. Furthermore, they claim the disposition of the confiscated property amounted to a violation of their property rights under the Texas Constitution.

# V. SUMMARY OF THE ARGUMENT

In regards to the first issue, Appellee contends that the error, if any, committed by the trial court in entering two final judgments was harmless. Whether the order of dismissal granting the plea to the jurisdiction was signed first or second is immaterial because without subject matter jurisdiction, the court did not have the power to address the merits of the case as presented in the Rule 91a motion.

As to issues two and three, Appellee contends that Appellants failed to, and are unable to, allege facts sufficient to overcome Appellee's sovereign immunity. Except in limited circumstances, the Texas Constitution does not create a private cause of action and the UDJA does not waive the state's sovereign immunity. Additionally, Appellants' have had ample time and opportunities to amend their petition yet it still affirmatively negates the existence of jurisdiction. No amount of amended pleading would bring Appellants' suit within the court's jurisdiction.

## VI.   ARGUMENT

**Reply to Issue 1: The trial court did not have subject matter jurisdiction over the present suit so the error, if any, is harmless.**

While it is correct that Texas Rule of Civil Procedure 301 mandates that there be only one final judgment in a particular cause, Appellee contends that because one of the judgments addressed subject matter jurisdiction, it is immaterial at this point whether it was the first or second judgment.

"Subject matter jurisdiction is 'essential to a court's power to decide a case.' " *City of Houston v. Rhule,* 417 S.W.3d 440, 442 (Tex. 2013) (per curiam) (quoting *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex. 2000)). "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Fin. Comm'n of Tex. v. Norwood,* 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431 (2007)). "The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *City of DeSoto v. White,* 288 S.W.3d 389, 393 (Tex. 2009) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex. 2004)). Thus, "[a] judgment is void if rendered by a court without subject matter jurisdiction." *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 309 (Tex. 2010). Furthermore, because subject matter jurisdiction is an issue that may be raised for the first time on

8

appeal; it may not be waived by the parties. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (1993).

If the trial court correctly determined that it did not have jurisdiction to hear the case, then any decision on the merits would be void, regardless of whether the judgment was signed first or second. Furthermore, because subject matter jurisdiction may be raised for the first time on appeal, this Court has jurisdiction to determine whether Appellants have plead facts sufficient to establish subject matter jurisdiction to overcome Appellee's sovereign immunity, regardless of which judgment was signed first.

**Reply to Issue 2: The trial court did not error in granting Appellee's Second Plea to the Jurisdiction.**

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *Texas Dep't of Trans. v. Jones,* 8 S.W.3d 636, 638-39 (Tex. 1999). To invoke the subject-matter jurisdiction of a court, the one bringing the claim must allege facts that affirmatively demonstrate that the court has jurisdiction to hear it. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). In considering the jurisdictional allegations contained in a petition, they are to be construed liberally in the plaintiff's favor. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, a defendant must show an incurable jurisdictional defect apparent

from the face of the pleadings that makes it impossible for the plaintiff's petition to confer jurisdiction on the district court. *Bybee v. Fireman's Fund Ins. Co.,* 331 S.W.2d 910, 914 (Tex. 1960). Courts must consider evidence when necessary to decide jurisdictional issues. *Miranda,* 133 S.W.3d at 221. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228. "Not only *may* an issue of subject matter jurisdiction be raised for the first time on appeal by the parties or by the court, a court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *Loutzenhiser,* 140 S.W.3d at 358. Because subject matter jurisdiction presents a question of law, the trial court's decision to grant a plea to the jurisdiction is reviewed *de novo. Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).

**A. Appellant failed to allege facts sufficient to support a claim under Article 1, Section 17.**

The Texas Constitution provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17. Article I, section 17 waives governmental immunity for actions seeking compensation under that provision. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d

10

591, 598 (Tex. 2001).

To establish a takings claim, a claimant must prove that (1) a governmental entity intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. *Gen. Servs. Comm'n,* 39 S.W.3d at 598. When a plaintiff fails to allege facts that would support a valid takings claim, governmental immunity applies, and the trial court should grant a plea to the jurisdiction. *Id.* at 600. Whether particular facts are enough to constitute a taking is a question of law. *See Mayhew,* 964 S.W.2d at 936.

One whose property has been "taken, damaged, destroyed for, or applied to, public use without adequate compensation" may bring an inverse condemnation claim pursuant to Article I, section 17 to recover compensation for loss of the property. *See McAllen Hospitals, L.P. v. Suehs*, 426 S.W.3d 304, 312 (Tex. App.—Amarillo, 2014, no pet.), *Villarreal v. Harris County*, 226 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *City of Houston v. Boyle*, 148 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). The protection applies to both real and personal property. *See Retzlaff v. Tex. Dep't of Criminal Justice,* 135 S.W.3d 731 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (addressing application of protection to claim of theft of inmate's money). The key consideration in assessing whether a particular taking was for a public use is whether the public is bearing a cost for which it received a benefit. *See Tarrant*

11

*Reg'l Water Dist. v. Gragg,* 151 S.W.3d 546, 554 (Tex. 2004).

Appellants claimed that Appellee, through its employees, confiscated and disposed of their property in accordance with Administrative Directive-03.72, but without their consent. Appellants have failed to allege, and are unable to establish facts sufficient to state a claim that under Article I, section 17 that the confiscation of their property was for public use. *See Tex. Dep't of Criminal Justice v. Jackson*, No. 01-07-00477-CV, 2008 WL 2209350 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that a "disposition" is not a "taking" and that the plaintiff's allegation of subterfuge does not convert TDCJ's confiscating the items to determine ownership into an allegation that TDCJ took them for public use), *see Retzlaff,* 135 S.W.3d at 731 (holding that the plaintiff failed to state a legally cognizable illegal takings claim when he made no claim and there was nothing in the record to indicate that TDCJ was attempting to obtain a benefit for the public at large.); *Fernandez v. T.D.C.J.*, 341 S.W.3d 6 (Tex. App.—Waco 2010, no pet.) Because the pleadings affirmatively negate the existence of jurisdiction, the court did not dismiss for failure to state a cause of action under Article 1, section 17.

**B. Appellant failed to allege facts sufficient to support a claim under Article 1, Section 19.**

Similarly, Appellants have failed to allege facts sufficient to establish the trial court had jurisdiction to hear the case. As stated above, Appellants brought

their due process claims pursuant to the UDJA and Article 1, Section 19 of the Texas Constitution for declaratory, injunctive and monetary relief. There is no private cause of action under the state constitutional due process provision. *Mitchell v. Amarillo Hosp. Dist.*, 855 S.W.2d 857, 872-73 (Tex. App.—Amarillo 1993, writ denied); *see also Ware v. Miller*, 82 S.W.3d 795 (Tex. App.—Amarillo 2002, pet. denied).

Similarly, there is no general right to sue a state agency for a declaration of rights. *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). Appellant attempts to bring their claims under the UDJA in an attempt to circumvent sovereign immunity. While it is true that the UDJA waives sovereign immunity for certain claims, it is not a general waiver of sovereign immunity. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n. 6 (Tex. 2009). It is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993). Furthermore, a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit. *Heinrich,* 284 S.W.3d at 370–71.

Texas law provides "sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver." *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 620 (Tex. 2011). However, Texas courts have recognized the *ultra vires* exception that allows claims to be brought against a state

official for nondiscretionary acts unauthorized by law. *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 404 (Tex. 1997). These lawsuits are not against the state and thus are not barred by sovereign immunity. *Id.* Furthermore, to assert a valid ultra vires claim, the plaintiff "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich,* 284 S.W.3d at 372. Conversely, if the plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action, and is barred by sovereign immunity. *See id.*

In *City of El Paso v. Heinrich*, the plaintiff sued the City of El Paso and various government officials alleging that the defendants had violated her statutory rights when they altered her pension benefits. *Heinrich*, 284 S.W.3d at 369-70. She sought to have the courts to declare that the defendants acted without authority in taking such action. *Id.* In holding that the plaintiff could pursue her claims for prospective relief against the state officials but not against the city and the other governmental entities, the Supreme Court stated that suits to require state officials to comply with statutory or constitutional provisions cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity. *Id*. at 372-73.

Similarly*,* in *Texas Dept. of Transp. V. Sefzik*, the plaintiff brought suit

against Texas Department of Transportation seeking declaration that certain statutory provisions of the Administrative Procedure Act violated due process. *Sefzik*, 355 S.W.3d at 618. In holding that the plaintiff failed to sue the correct party, the Supreme Court pointed to its decision in *Heinrich* dismissing the plaintiff's claims seeking declaratory and injunctive relief against governmental entities. *Id*. at 621. The Court stated that "[i]n so doing, we necessarily concluded that the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Id*. It went on to say that "the same claim could be brought against the appropriate state official under the *ultra vires* exception, but the state agency remains immune." *Id*.

Appellants failed to sue the correct parties in the present suit. Appellants filed suit against TDCJ, the state agency, and not the state officials whom they claim are responsible for the *ultra vires* act. Furthermore, Appellants failed to allege facts sufficient to bring a valid *ultra vires* claim. Courts generally accord great deference to prison officials' adoption and execution of policies, regulations, and practices relating to the preservation of internal order, discipline, and security within the prison environment. *Thornburgh v. Abbott,* 490 U.S. 401, 407-08 (1989). Appellants do not complain of acts that are purely ministerial act, but instead complain of a government officer's exercise of discretion. The way that searches are conducted and the determination of what is contraband and how it

should be disposed of are decisions that are within the discretion of prison officials. Moreover, courts have held that that a prison official's unauthorized deprivation of an inmate's property is not a constitutional violation since the Texas Legislature has provided an administrative remedy to pay a claim for lost or damaged property. *Hammonds v. Camp*, No. 07–03–0496–CV, 2004 WL 769373*1 (Tex. App.—Amarillo 2004, no pet.); *Aguilar v. Chastain,* 923 S.W.2d 740, 743–44 (Tex. App.—Tyler 1996, writ denied). Accordingly, Appellants have failed to overcome Appellee's entitlement to sovereign immunity and have failed to plead facts to bring this suit within the Court's jurisdiction.

**Reply to Issue 3: The trial court did not err in not allowing Appellants to re-amend their petition.**

Appellants argue that the district court should have allowed them an opportunity to amend their petition prior to granting Defendant's Second Plea to the Jurisdiction. As mentioned above, Appellant's initially brought suit pursuant to the Texas Tort Claims Act, the Administrative Procedure Act, and the Uniform Declaratory Judgment Act ("UDJA") seeking declaratory relief and monetary damages. After Appellee filed its first plea to the jurisdiction on October 16, 2013, Appellants moved for and were granted an extension of time to file a response with a hearing by submission date of January 31, 2014. Appellants filed a response on December 10, 2013 and moved for leave to amend their petition on January 27,

2014. In the amended petition, Appellants brought dropped their Texas Tort Claims Act and Administrative Procedure Act claims and instead brought the same claims under the Uniform Declaratory Judgment Acts and Article 1, Sections 17 and 19 of the Texas Constitution seeking declaratory, injunctive and monetary relief. Additionally, Appellants filed a supplemental response to Appellee's first plea to the jurisdiction on the same day pointing out their amended petition.

On February 18, 2014, the trial court issued an order granting leave to amend and stating that it did not intend to further consider or rule on the pending plea to the jurisdiction unless it was re-urged in the context of the allegations of the amended pleading. Appellee then filed its second plea to the jurisdiction on March 20, 2014. The trial court set the motion for a hearing by submission scheduled on April 24, 2014. Appellants filed their response to Appellee's second plea to the jurisdiction and a motion for additional argument on April 16, 2014. They did not file a second amended petition. The trial court signed the order dismissing the case based on Appellee's second plea to jurisdiction on May 6, 2014.

In Appellants' response to the second plea to the jurisdiction, they state that Appellee's ultimate success on the declaratory judgment argument is contingent on Appellant's success on the taking claims. As stated above, Appellants have failed to state a valid claim under Article 1, Section 17 and have failed to allege how the jurisdictional defects may be cured. This is because the defects are incurable. As

17

the Supreme Court in *Miranda* stated "if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *See Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 686 (Tex. App.—Austin 2004, no pet.). Additionally, if a party has repleaded in an attempt to cure disputed jurisdictional issues and if a court can ascertain the nature and issues of the controversy and the evidence that probably would be relevant, that party is not entitled to an opportunity to replead. *See id.* (citing *Miranda*, 133 S.W.3d at 231).

Appellants previously amended their petition asserting new causes of actions after Appellee's first plea to the jurisdiction asserting sovereign immunity. Appellants were put on notice again of the jurisdictional defects and Appellee's entitlement to sovereign immunity when Appellee filed its second plea to the jurisdiction. Appellants still failed to cure the defects or even allege how they could be cured. Appellants were given ample time and opportunities to attempt to bring this suit within the court's jurisdiction but have failed to do so. More importantly, in accordance with Texas Rule of Procedure 63, Appellants could have amended their petition at any time but they did not. As such, the court did not err in dismissing the case for lack of jurisdiction.

## VII. PRAYER

**ACCORDINGLY,** Appellant has not presented this Court with any legally sound argument to support his argument that trial court erred in dismissing the case for lack of subject matter jurisdiction. Appellee respectfully recommends that the judgment of the court below be affirmed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil
Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Marcus T. Sanders
**MARCUS T. SANDERS**
Assistant Attorney General
Texas State Bar No. 24089483

P.O. Box 12548, Capitol Station
Austin TX 78711-2548
(512) 463-2080 / (512) 936-2109 Fax
Marcus.Sanders@texasattorneygeneral.gov

**ATTORNEYS FOR APPELLEE TDCJ**

## Rule 9.4 (i) Certification

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 94.(i)(1), is 3,046.

/s/ Marcus T. Sanders
**MARCUS T. SANDERS**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I**, MARCUS T. SANDERS,** Assistant Attorney General of Texas, certify that **Appellee TDCJ's Brief** was filed in accordance with the File & Serve Xpress System on April 10, 2015.

/s/ Marcus T. Sanders
**MARCUS T. SANDERS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **MARCUS T. SANDERS**, certify that a true copy of the above and foregoing **Appellee TDCJ's Brief** has been served by placing the same in the United States Postal Service, postage prepaid, on April 10, 2015, addressed to:

Brian V. Russell
TDCJ-CID #00524618
William P. Clements Unit
9601 Spur 591
Amarillo, TX  79107-9606
*Plaintiff Pro-Se*

Ronald E. Rumpf, Jr.
TDCJ-CID #00695566
William P. Clements Unit
9601 Spur 591
Amarillo, TX  79107-9606
*Plaintiff Pro-Se*

/s/ Marcus T. Sanders
**MARCUS T. SANDERS**
Assistant Attorney General