**CITY OF DALLAS, Appellant,**

**v.**

**C. S. LUDWICK, Jr., Appellee.**

**No. 20547.**

Court of Civil Appeals of Texas, Dallas.

April 8, 1981.

Rehearing Denied June 17, 1981.

Head of the Department," etc. Hence, this opinion will have no precedential value, and therefore will not be published.

Carroll R. Graham, Jan W. Fletcher, Asst. City Attys., Dallas, for appellant.

Neil J. Orleans, Wise & Stuhl, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This is an inverse condemnation case. C. S. Ludwick, Jr. sued the City of Dallas for damages resulting from the city's denial of a building permit. Judgment for $15,849 was rendered in favor of Ludwick after a jury trial. Because we find that the acts of the city did not proximately cause Ludwick any damages, we reverse and render.

Ludwick owns six lots within the city limits of Dallas, Texas. The north boundary of the lots in Block 1/6805 abuts the south boundary of the lots in Block c/6806. The west boundary of lot 5 of Block c/6806 extends 11.5 feet farther west than the west boundary of lot 2 of Block 1/6805. This configuration creates a somewhat rec-tangular tract 150 feet by 257 feet. The tract is bounded on the north by W. Comstock Street, on the west by Hardwick Street and on the south by W. Avery Street.

The record shows that in 1971 Ludwick learned that the city, at some future date, planned to widen Hardwick Street by curving it to the east at its intersection with Avery Street. Although the proposed widening would not place Hardwick Street on Ludwick's property, the necessary right-of-way would require a building offset line that would restrict its utility to some degree.

On October 1, 1974, Ludwick applied for a building permit from the city to construct a 100′ × 100′ building on lots 4 and 5 of Block c/6806. A city representative notified Ludwick that the application, as submitted, presented certain problems. Accordingly, Ludwick withdrew the application, presumably to correct the problems. On October 31, 1974, Ludwick submitted a new application increasing the size of the proposed building to 80′ × 220′ and relocating it on all six lots. This application was denied by the city with the notation "Deny application—In proposed right of way." Ludwick re-submitted the application, changing only the dimensions of the building to 80′ × 180′ which was approved on December 12, 1974. Ludwick built the 80′ × 180′ building, completing it in June 1975.

In 1977, upon learning that the city had abandoned its plans to enlarge the Hardwick Street right-of-way, Ludwick brought this suit alleging that the city's act, in denying his application to build a larger building, constituted a taking of or damages to his property under Article 1, Section 17 of the Texas Constitution. After a jury trial, judgment was rendered awarding Ludwick damages.

The city complains that there was no evidence, or insufficient evidence, to sustain the jury's finding that the city's denial of Ludwick's application to build an 80′ × 220′ building, was the proximate cause of damage to Ludwick. We agree.

**632**

To prevail in an inverse condemnation action against a governmental agency for damages to property, it must first be shown that the act of the governmental agency complained of constitutes a taking of or damage to the property in violation of Article 1, Section 17 of the Texas Constitution which provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made...." In order to recover in this case, Ludwick must show that the city denied his application for a building permit in contemplation of taking his land in the future for public use and that such denial was the proximate cause of his alleged damages. *State v. Hale*, 146 S.W.2d 731 (Tex.1941). It is undisputed that the city denied the permit on which Ludwick's complaint is based. However, at the trial the city introduced into evidence a drawing prepared by a city design technician showing that the 80' × 220' building proposed by Ludwick could have been relocated on the same lots proposed in Ludwick's application, curing the problem of its encroachment of the Hardwick Street proposed right-of-way. It is undisputed that Ludwick did not resubmit the application for the larger building, relocating it on the lots to avoid the encroachment. By his testimony, Ludwick assumed that he could not comply with the city's requirements, yet the evidence is conclusive that by relocating the building on the same lots he could have complied and thus satisfied all city requirements for a building permit. There is no evidence that by relocating the structure he would have suffered any diminished utility or that the building would have been less valuable than the one he proposed to build, nor does the record reflect that Ludwick would have been unduly inconvenienced by such relocation.

In view of these circumstances, we conclude that there was no evidence that the city's denial of Ludwick's application for a permit to erect an 80' × 220' building was the proximate cause of any damage to Ludwick. Thus, we need not address the city's other points of error.

Reversed and rendered.